IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TARIK J. CALVIN, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:19-cv-02294-G-BT |
| | § | |
| WALTER HARRINGTON, *et al.*, | § | |
|     Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Tarik Calvin filed this *pro se* employment discrimination case *in forma pauperis* almost seven months ago. Because Calvin has not properly served his lawsuit on any defendant and has not provided the Court with the information necessary to accomplish effective service on his behalf, the Court should dismiss this action without prejudice under Federal Rules of Civil Procedure 4(m) and 41(b).

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Service of process is governed by Rule 4 of the Federal Rules of Civil Procedure. Under Rule 4, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the

time for service for an appropriate period." Fed. R. Civ. P. 4(m). Accordingly, a plaintiff has 90 days to accomplish effective service of process. This is true, even if the plaintiff has been given permission to proceed *in forma pauperis*. Moreover, it is the responsibility of the plaintiff proceeding *in forma pauperis* to provide the court with correct addresses for the defendants, so that service can be accomplished; it is not the clerk's responsibility to research and supply this information. *See Styles v. McDonalds Rest.*, 2019 WL 2266636, at *4 (E.D. Tex. Jan. 28, 2019) (collecting cases), *adopted by* 2019 WL 1219117 (E.D. Tex. Mar. 15, 2019); Order (ECF No. 5).

Calvin filed his Complaint against four of his former supervisors and managers at Amazon.com, Inc. (Amazon)—Walter Harrington, Kevin Tucker, Jared Peterson, and Cole Aberi (the "Individual Defendants")—on September 26, 2019, alleging race and sex discrimination under Title VII. Compl. (ECF No. 3). Thereafter, the Court notified Calvin that his Complaint was deficient because it did not name Amazon as a defendant and granted him leave to file an amended complaint by December 18, 2019. Order (ECF No. 13). On December 4, 2019, Calvin filed a document "amending the law suit [sic] to include Amazon Corporate personnel office[.]" Resp. (ECF No. 14).

The Court granted Calvin permission to proceed *in forma pauperis* in this litigation and to have the United States Marshals Service serve the summons and his Complaint on Defendants. Order (ECF No. 5). The Court gave Calvin instructions for completing the forms necessary for the Marshals Service to

accomplish effective service. *Id.* The Court advised Calvin that "it is his responsibility to complete the summonses and Forms 285 with correct information as to the appropriate names and the appropriate addresses of each defendant for service," and warned him that "[f]ailure . . . to complete the forms and to timely return [them] to the clerk could result in the dismissal of this action for lack of prosecution." *Id.* at 2. The Court further advised him that "although the officers of the Court will issue and serve process, they generally are not authorized to research the proper identity of parties and/or the service address of a party." *Id.* at 2 n.2. The Court cautioned Calvin that "if service cannot be effected/completed due to inaccurate address information, his claims may be dismissed for lack of prosecution." *Id.*

The Marshals Service was unsuccessful at timely serving the Individual Defendants. *See* Summons Returns (ECF Nos. 9, 10, 11, & 12).[1] On January 2, 2020, Calvin requested an extension of time in which to serve the Individual Defendants by an independent process server. *See* Mot. (ECF No. 18). The Court granted Calvin's request and extended the deadline to serve the Individual Defendants through February 8, 2020; the Court also informed Calvin that his deadline to serve Amazon was March 3, 2020. Order (ECF No. 19). The Court reminded Calvin that "[f]ailure to timely serve a defendant can result in that defendant being

---

[1] Although the docket reflects that summons was returned executed as to Cole Aberi, it is clear from the Return that Cole Aberi was not properly served. Return (ECF No. 12). Rather, the summons was left with an individual in Amazon's human resources department. *Id.* at 2.

3

dismissed from the lawsuit." *Id.* Calvin did not file proof of proper service on the Individual Defendants or Amazon by the respective required deadlines. Instead, on February 20, 2020, Calvin advised the Court that the Individual Defendants refused to accept service by the independent process server at their workplace, so he "had to serve them through the official person who accepts mail at 2700 region BLVD DFW 8 Amazon BLDG Iriving, [sic] TX." Resp. (ECF No. 20).

On March 16, 2020, the Court gave Calvin one final opportunity to accomplish proper service on Defendants and ordered Calvin to provide, on or before April 6, 2020, addresses at which the Individual Defendants could be served at their respective homes and the address at which Amazon could be served through its registered agent in Texas. Notice of Deficiency & Order (ECF No. 21). The Court repeated its warning that failure to comply with the Court's order would result in a recommendation that his claims be dismissed for failure to prosecute and obey court orders. *Id.*

To date, Calvin has not provided the Court with the home address for any Individual Defendant or the address for Amazon's registered agent. On March 24, 2020, Calvin filed an unsworn, unsigned "Affidavit" (ECF No. 22) in which he states that he served Amazon's registered agent at Corporation Service Company, 211 E 7th St., suite 620, Austin, Texas 78701. But Calvin is not permitted to serve any Defendant himself. Fed. R. Civ. P. 4(c)(2). This includes serving any Defendant himself by mail. *See Justice v. Burten*, 2006 WL 770447, at *3 (N.D. Tex. Mar. 27, 2006) (noting that plaintiff may serve defendants by complying with Texas Rules

4

of Civil Procedure, that Texas Rules allow for service by certified mail, but that they do not permit service—even by mail—by a party to the suit).

Calvin has been warned of his obligation to comply with Rule 4 and has been advised that it was his responsibility to find and provide the Court with the correct addresses for Defendants. He has failed to comply with the Court's orders. He also has failed to demonstrate good cause to extend the deadline to serve Defendants. Accordingly, his claims should be dismissed without prejudice under Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure. *Bunch v. Mollabashy*, 2016 WL 874747, at *3 (N.D. Tex. Feb. 12, 2016), *adopted by* 2016 WL 865859 (N.D. Tex. Mar. 7, 2016) (dismissing defendant *sua sponte* for failure of *pro se* plaintiff, proceeding *in forma pauperis*, to serve defendant); *see also Mathes v. City of Corinth, Tex. Police Dep't*, 2019 WL 1232857, at *1 (E.D. Tex. Feb. 10, 2019), *adopted by* 2019 WL 1233742 (E.D. Tex. Mar. 14, 2019) (dismissing complaint under Rules 4 and 41 for the failure of the *pro se* plaintiff, proceeding *in forma pauperis*, to prepare summons to be served by the Marshals Service); *Sandoval v. Am. Laser Skin Care, LLC*, 2015 WL 518801, at *7 (W.D. Tex. Feb. 2, 2015) (same).

Because Calvin has not properly served his lawsuit on any Defendant and has not provided the Court with the information necessary to accomplish effective service on his behalf, the Court should dismiss this action without prejudice under Federal Rules of Civil Procedure 4(m) and 41(b).

**SIGNED** April 28, 2020.

```
_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE
```

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).