IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TARIK CALVIN, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 3:19-CV-02294-G-BT |
| WALTER HARRINGTON, *et al.* ) | |
| ) | |
|     Defendants. ) | |

### ORDER ACCEPTING IN PART THE FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are the Findings, Conclusions, and Recommendation ("FCR") of the United States Magistrate Judge Rebecca Rutherford dated April 28, 2020 (docket entry 24). The magistrate judge recommended that the court dismiss the plaintiff's claims, without prejudice, as to all defendants because the plaintiff failed to comply with an order to provide the court with proper addresses at which the United States Marshals Service could serve the defendants, or otherwise properly effect service on the defendants without the court's help. The plaintiff timely objected to the FCR on the ground that he indeed did provide the court with the proper address for one defendant, Amazon.com, Inc. ("Amazon"), as ordered. Objection at 1-2 (docket entry 25). The court has made a *de novo* review of the FCR in light of this objection. The objection is SUSTAINED. The court accepts the FCR in part for the reasons that follow.

- 1 -

The plaintiff brings employment discrimination claims against his employer, Amazon, and several of his supervisors and managers (the "Individual Defendants"). The plaintiff was granted permission to proceed *in forma pauperis* in this litigation and to have the Marshals Service serve the summons and his complaint on the defendants, but the plaintiff has been repeatedly advised that it is his responsibility to provide the court with the appropriate address of each defendant for service. After both the Marshals Service and a private process server were unsuccessful at effecting service on the individual defendants at their workplace, the court ordered the plaintiff to provide addresses at which the individual defendants could be served at their respective homes and, because it had not yet been served either, the address at which Amazon could be served through its registered agent in Texas. Notice of Deficiency & Order (docket entry 21). In response, the plaintiff filed an "affidavit" (docket entry 22) in which he states that he served Amazon's registered agent by certified mail at Corporation Service Company, 211 E. 7th St., Suite 620, Austin, Texas 78701. Acknowledging that the plaintiff is not permitted to serve any defendant himself, including by mail, that the plaintiff did not provide the court with the home addresses for the individual defendants as ordered, and that the plaintiff failed to demonstrate good cause to further extend the deadline to serve the defendants, the magistrate judge recommended dismissal of the plaintiff's claims without prejudice as to all defendants.

The plaintiff concedes dismissal of the individual defendants. But he objects,

stating that, as a layman, he did not know he could not serve Amazon himself. Objection at 2. In any event, he asserts that by his "affidavit" reflecting the Austin, Texas address for Corporation Service Company, he provided the court with the address for Amazon's Texas registered agent as ordered. *Id*. The court agrees with the magistrate judge that the plaintiff has not demonstrated good cause to extend the time in which to serve defendants, nor has he done so by his objection to the FCR. However, the court recognizes that, although it does not strictly comply with the order to provide the address for Amazon's registered agent in Texas, the plaintiff's "affidavit" reflects an Austin, Texas address at which the plaintiff contends Amazon can be served. The court thus liberally construes the "affidavit" as complying with the order to provide the address for Amazon's Texas registered agent. The court will direct the Marshals Service to effect service on Amazon at the provided address, but the plaintiff will not be afforded any further opportunity to serve Amazon in this matter.

Accordingly, it is ORDERED that the FCR is accepted to the extent it recommends dismissal of the individual defendants. The plaintiff's claims against the individual defendants—Walter Harrington, Kevin Tucker, Jared Peterson, and Cole Aberi—are DISMISSED without prejudice. The clerk is directed to reissue summons as to Amazon.com, Inc. to be served at Corporation Service Company, 211 E. 7th St., Suite 620, Austin, Texas 78701. The Marshals Service is directed to serve Amazon at such address.

**SO ORDERED**.

May 22, 2020.

_____
A. JOE FISH
Senior United States District Judge

- 4 -