IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TARIK J. CALVIN, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:19-cv-02294-G-BT |
| | § | |
| WALTER HARRINGTON, *et al.*, | § | |
|     Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court in this *pro se* employment discrimination case is Defendant Amazon.com, Inc.'s (Amazon) Motion to Dismiss for failure to state a claim (ECF No. 30). For the reasons stated, the Court should GRANT Amazon's Motion and dismiss Calvin's claims with prejudice.

**Factual Background**

Amazon.com, Inc. hired Tarik J. Calvin in 2015 as a seasonal Scanner/Fulfillment Associate for its Irving, Texas location known as DFW8. Compl. 7 (ECF No. 3); Mot. Dismiss 6 (ECF No. 30). In 2016, Calvin trained others at DFW8, and Amazon assigned him to the position of Seasonal Process Assistant (PA) during the peak winter months. Compl. 7. Calvin alleges that, during his time as a Seasonal PA, he created and implemented several operating procedures that would later become building standards. *Id.* Thereafter, in January of 2017, he applied for a permanent PA position. *See id.*; Mot. Dismiss 6.

1

Calvin was one of twelve employees to complete the interview process and earn "inclined status" for the permanent PA position. Compl. 7, Pl.'s Reply 5 (ECF No. 32). Upper management purportedly informed Calvin, however, that he would not receive the promotion because Amazon had changed its business structure so that there was not enough money in the budget for another permanent PA. Compl. 7, Pl.'s Reply 5. They encouraged Calvin to apply for the same position at another facility that may be hiring. Compl. 7. Calvin declined to do so and now alleges that he has applied, and been rejected, for every seasonal and permanent PA and Trainer opening that Amazon has offered at DFW8 since 2017—amounting to twelve denied applications in total. *Id.* at 7–8.

Calvin's failure-to-promote allegations include the following:

| Application Date | Claim |
|---|---|
| January 9, 2017 | Representatives of Amazon told Calvin there was not enough money in the budget for another permanent PA. Compl. 7, 16. |
| March 19, 2017 | Calvin unsuccessfully applied for a Shift Assistant position. *Id.* at 8, 17. |
| June 26, 2017 | Amazon failed to promote Calvin to an unnamed position. *Id.* at 4. |
| April 2, 2018 | Amazon hired a Caucasian woman named Rose Short instead of Calvin for a permanent PA position. *Id.* at 7, 16. |
| April 4, 2018 | Calvin unsuccessfully applied for a promotion to a Trainer position. *Id.* at 8, 17. |
| May 8, 2018 | Amazon failed to promote Calvin to an unnamed position. *Id.* at 4. |
| August 8, 2018 | Calvin unsuccessfully applied for a promotion to a PA position. *Id.* at 8, 18. |
| November 14, 2018 | Amazon did not hire Calvin to a Seasonal PA position. *Id.* at 8, 18. |

| April 28, 2019 | Calvin applied for and did not receive a promotion to a PA position. *Id.* at 8, 18. |
|---|---|
| May 15, 2019 | Amazon did not promote Calvin to a Trainer position. *Id.* at 8, 17. |
| July 15, 2019 | Calvin unsuccessfully applied for a Seasonal Trainer position. *Id.* at 8, 19. |
| July 15, 2019 | Calvin applied for and did not receive a Seasonal PA position. *Id.* at 8, 19. |

Calvin maintains that Amazon denied him these promotional opportunities because he is an African American man. Compl. 9.

During this same period, Calvin claims that he was also "the target of ongoing harassment" at work. *Id.* at 26; Mot. Dismiss 26. He alleges that management would give him disciplinary write ups for small or manufactured infractions such as "going to the restroom, grabbing packages the wrong way and working on lines that had packages." Compl. 8; Mot. Dismiss 7.

Based on this conduct, Calvin filed a Charge of Discrimination against Amazon on October 27, 2017 alleging (1) Amazon discriminated against him on the basis of his sex and race by failing to promote him after his January 2017 interview; and (2) he was the target of ongoing harassment in that he had "received disciplinary write ups on or around 7/4/2017." Compl. 26; Mot. Dismiss 6. The Equal Employment Opportunity Commission (EEOC) issued Calvin a Notice of Right to Sue on June 25, 2019. Compl. 27; Mot. Dismiss 6–7.

Calvin subsequently filed the current action on September 26, 2019. *See* Compl. 1. He contends that (1) Amazon discriminated against him on the basis of his sex and race by denying him twelve promotional opportunities between 2017

3

and 2019; and (2) he suffered harassment in the form of unfair write ups. *Id.* at 8–9; Mot. Dismiss 7. Calvin checked the box indicating he intends to bring a claim for failure to promote but did not do so to bring a claim for retaliation. *See* Compl. 4.

Calvin initially named as defendants Amazon officials that had interviewed him for promotional opportunities: Walter Harrington, DFW8 Site Leader; Kevin Tucker, Operations Manager; Jared Peterson, Operations Manager; and Cole Aberi, Area Manager. *See* Compl. 7–9; Pl.'s Resp. Notice Deficiency (ECF No. 14). The undersigned then issued an Order and Notice of Deficiency on November 22, 2019, notifying Calvin his complaint was deficient on its face for not naming Amazon as a defendant because "there is no individual liability for employees under Title VII." Notice Deficiency 1 (ECF No. 13) (quoting *Smith v. Amedisys Inc.*, 298 F.3d 434, 448 (5th Cir. 2002)) (internal quotation marks omitted). The undersigned construed Calvin's response to this Notice (ECF No. 14) as a motion for leave to amend the Original Complaint to add Amazon as a defendant and granted the motion. (ECF No. 15). Later, the Court dismissed without prejudice Calvin's claims against the four individual defendants, leaving Amazon as the sole defendant. Order Accepting in Part Findings, Conclusions, Recommendation (ECF No. 26).

Shortly after Calvin served Amazon on June 11, 2020, (ECF No. 29), Amazon filed its Motion to Dismiss arguing that Calvin had failed to state a claim for relief. Mot. Dismiss. Calvin filed a response (ECF No. 31), and Amazon filed a reply (ECF

4

No. 32). Amazon's Motion to Dismiss is, therefore, fully-briefed and ripe for determination.[1]

## Legal Standard

When deciding a 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Burress v. Chase Card*, 2020 WL 6947355, at *2 (N.D. Tex. Oct. 21, 2020) (Rutherford, J.), *rec. adopted*, 2020 WL 6946611 (N.D. Tex. Nov. 24, 2020) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)) (internal quotation marks omitted). To survive a Rule 12(b)(6) motion, therefore, a plaintiff's complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Stanford v. Godbey*, 2020 WL 7700632, at *4 (N.D. Tex. Dec. 10, 2020) (Rutherford, J.), *rec. adopted*, 2020 WL 7698741 (N.D. Tex. Dec. 28, 2020) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S.

---

[1] After the briefing was complete, Calvin filed a response to Amazon's reply (ECF No. 33) and a copy of a letter addressed to "DFW8 Personnel" containing new allegations of retaliation, which he requests be "placed in his personnel file." (ECF No. 34). Neither the local rules of this Court nor the Federal Rules of Civil Procedure allow a party to file a surreply as a matter of right. N.D. Tex. Loc. Civ. R. 7.1(e)-(f); *Progressive Concepts, Inc. v. Hawk Elec., Inc.*, 2009 WL 10705253, at *1 (N.D. Tex. July 10, 2009). Indeed, surreplies are "highly disfavored" and permitted only in "extraordinary circumstances," such as when necessary to respond to new issues, theories, or arguments raised for the first time in a reply brief. *Luna v. Valdez*, 2017 WL 4222695, at *6 (N.D. Tex. Sept. 21, 2017); *see also Racetrac Petroleum, Inc. v. J.J.'s Fast Stop, Inc.*, 2003 WL 251318 at *18 (N.D. Tex. Feb. 3, 2003) ("A sur-reply is appropriate by the non-movant only when the movant raises new legal theories or attempts to present new evidence at the reply stage."). Calvin has not shown the existence of any extraordinary circumstances that necessitate the filing of a surreply. Therefore, the Court did not consider either of the additional documents he filed after Amazon's reply.

544, 570 (2007)). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.' " *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555).

This pleading standard does not require " 'detailed factual allegations,' " but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 6 62, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Twombly*, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, a court may not look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). However, the pleadings, for the purpose of determining a Rule 12(b)(6) motion, include documents attached to the pleadings and to the motion to dismiss so long as they "are referred to in the plaintiff's complaint and are central to [his] claim." *Causey*

*v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).

## Analysis

By his lawsuit, Calvin claims that Amazon violated Title VII of the Civil Rights Act of 1964 by (1) discriminating against him on the basis of his sex and race by denying him twelve promotional opportunities between 2017 and 2019, and (2) harassing him by issuing unfair disciplinary write ups. Compl. 7–9. Amazon argues in its motion to dismiss that Calvin's claims fail because (1) he failed to exhaust his administrative remedies for most of his claims and those claims are now time-barred, and (2) as to those statutorily-exhausted claims that are not barred by the applicable statute of limitations, his allegations are conclusory and fail to raise an inference that he was treated less favorably because of his race or that similarly-situated employees outside of his protected class received the promotions about which he complains.

In his response, Calvin discusses the history of race relations generally in the United States and his personal life experience as an African American man. *See* Pl.'s First Resp. Mot. Dismiss (ECF No. 31). He also alleges for the first time that (1) Amazon eliminated the permanent PA position in January 2017 to prevent him from getting the position and reinstated the position soon thereafter; (2) Amazon passed him over for promotional opportunities because he was "too confident;" and (3) Amazon required him to perform tasks hidden in the corners of the

7

workplace so he would not be seen. Pl.'s First Resp. Mot. Dismiss 2, 5–6; Def.'s Reply 4.

But Calvin fails to directly address Amazon's arguments for dismissal. He never claims that he exhausted his administrative remedies or that his claims are not time-barred. He also fails to explain how he was treated less favorably or that similarly-situated employees outside of his protected class received any of the jobs for which he applied. Calvin's failure to address Amazon's arguments could result in the deemed abandonment of his claims. *See Spraggins v. Caliber Home Loans, Inc.*, 2020 WL 8366645, at *3 (N.D. Tex. Dec. 31, 2020) (Rutherford, J.), *rec. adopted*, 2021 WL 311869 (N.D. Tex. Jan. 29, 2021) (observing that "it is well established in this Circuit that '[w]hen a plaintiff fails to defend a claim in response to a motion to dismiss . . ., the claim is deemed abandoned.'"); *see also Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006). But even if Calvin did not waive these claims by failing to defend them in his response to Amazon's Motion to Dismiss, the Court finds that each of his claims should be dismissed.

    I.    <u>Calvin cannot state a claim for any of his twelve failure-to-promote claims.</u>

        a.    <u>Each of the eleven failure-to-promote claims following the January 2017 promotional opportunity should be dismissed as time barred.</u>

Before bringing suit under Title VII, "a plaintiff must first file a timely EEOC charge." *Lewis v. City of Chicago, Ill.*, 560 U.S. 205, 210–11 (2010). "This requirement serves the dual purposes of giving the employer some warning as to

the conduct about which the employee is complaining and affording the EEOC and the employer an opportunity to settle the dispute through reconciliation." *Benson v. Mary Kay, Inc.*, 2007 WL 1719927, at *1 n.1 (N.D. Tex. Jun. 11, 2007), *rec. adopted*, 2007 WL 1159648 (N.D. Tex. Apr. 19, 2007) (citing *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970)). In states, such as Texas, that have "an entity with the authority to grant or seek relief with respect to the alleged unlawful practice, an employee who initially files a grievance with that agency must file the charge with the EEOC within 300 days of the employment practice." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002); *see also* 42 U.S.C. § 2000e-5(e)(1); *Cooper v. Wal-Mart Transp., LLC*, 662 F. Supp.2d 757, 772 (S.D. Tex. Sept. 24, 2009) (citing *Morgan*, 536 U.S. at 122) ("An EEOC charge must be filed within 300 days of the alleged discrimination."). "A claim is time barred if it is not filed within these time limits." *Stone v. La. Dep't of Revenue*, 590 F. App'x 332, 337 (5th Cir. 2014).

It is well established that "discrete discriminatory acts are not actionable if time barred, even when they are related to acts allegedly in timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act." *Kloepfer v. KBA N. Am., Inc.*, 2010 WL 11618096, at *2 (N.D. Tex. Jun. 8, 2010) (quoting *Morgan*, 536 U.S. at 113, 122) (internal quotation marks omitted). A discrete discriminatory act is defined as an easily identifiable incident, such as a failure to promote, "that constitutes a separate actionable unlawful employment practice." *Tillman v. S. Wood Preserving of Hattiesburg, Inc.*, 377 F. App'x 346,

9

349 (5th Cir. 2010); *Zavala v. Carrolton-Farmers Branch Ind. Sch. Dist.*, 2015 WL 9269416, at *3 (N.D. Tex. Dec. 21, 2015) (citing *Morgan*, 536 U.S. at 114; *Shryer v. Univ. of Tex. Sw. Med. Ctr. at Dallas*, 587 Fed App'x 151, 156 n.4 (5th Cir. 2014)) (internal quotation marks omitted). If "a plaintiff does not file an EEOC charge within 300 days of a failure to promote, he loses the right to bring suit for it." *Id.* "This limitation period begins to run from the time that the complainant knows or reasonably should know that the challenged act has occurred." *McWilliams v. Escambia Cnty. Sch. Bd.*, 658 F.2d 326, 328 (5th Cir. Unit B Oct. 1981); *see also Jones v. Alcoa, Inc.*, 339 F.3d 359, 364 (5th Cir. 2003).

In the present case, Calvin brings twelve discrete failure-to-promote claims. Compl. 7–9. Of these, Calvin only included the first such instance regarding the January 2017 promotional opportunity—in which Amazon denied him a permanent PA position—in his EEOC Charge of Discrimination. *See id.* at 26. The other eleven claims would, therefore, be time barred if Calvin did not raise them in a Charge of Discrimination 300 days within the alleged failures to promote. *See Grice v. FMC Techs. Inc.*, 216 F. App'x 401, 407 (5th Cir. 2007). Calvin, however, does not specifically mention when Amazon rejected several of his applications, including his two most recent positions applied for on July 15, 2019. *See* Compl. 8. The Court will, therefore, assume that Calvin became aware of Amazon's conduct regarding all twelve failure-to-promote claims by the time he filed suit in this District, September 26, 2019.

Based on this date of notice, the 300-day clock for Calvin to file an EEOC charge expired on July 22, 2020. Calvin offers nothing to suggest that he raised the other eleven instances of Amazon's alleged failure to promote him in additional charges of discrimination, nor does he claim that he has exhausted his statutory administrative remedies as to those claims. Accordingly, the Court finds that eleven of Calvin's failure-to-promote claims—all but his first claim regarding the January 2017 promotional opportunity—should be dismissed as time barred. *See Tillman*, 377 F. App'x at 349 (affirming the district's court dismissal of the appellant's Title VII claims where an EEOC claim was not filed during the limitations period).

        b. <u>Calvin fails to provide sufficient factual allegations to state a claim for relief for his sole surviving failure-to-promote claim</u>.

Plaintiffs bringing suit for employment discrimination under Title VII may prove a claim by either direct or circumstantial evidence. *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 222 (5th Cir. 2000). The production of direct evidence showing that discriminatory animus played a role in the employment decision at issue shifts the burden of persuasion to the defendant, "who must prove that it would have taken the same action regardless of discriminatory animus." *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 896 (5th Cir. 2002). But if a plaintiff merely infers discrimination from an employer's failure to promote, the Court applies "a modified version of the burden-shifting analysis articulated by the

11

Supreme Court in *McDonnell Douglas*." *Scales v. Slater*, 181 F.3d 703, 709 (5th Cir. 1999) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)).

Under this inquiry, plaintiffs ultimately must show that: "(1) [they are] a member of a protected class; (2) that [they] sought and w[ere] qualified for an available employment position; (3) that [they were] rejected for that position; and (4) that the employer continued to seek applicants with the plaintiff[s'] qualifications." *Grimes v. Tex. Dep't of Mental Health and Mental Retardation*, 102 F.3d 137, 140 (5th Cir. 1996). While plaintiffs in the pleading stage need not establish a prima facie case of discrimination, they must plead sufficient facts on each of these elements to make their claim plausible. *See Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019) (citing *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016)); *Canada v. Tex. Mut. Ins. Co.*, 766 F. App'x 74, 79 (5th Cir. 2019). The Court now finds that Calvin has failed to meet this initial burden.

Calvin provides sufficient allegations for the first three elements of the inquiry: (1) he is an African American man; (2) in January 2017, he applied for a permanent PA position, which he qualified for based on his experience at Amazon; and (3) Amazon did not hire him for that position. Compl. 7, 9. However, he does not allege that Amazon continued to search for applicants with Calvin's qualifications after it denied him the promotion or that it ever hired a similarly-situated non-African American applicant. Indeed, Calvin admits that Amazon did not hire anyone for the position "due to a change in the business structure" and

because "there was not enough money in the budget." *Id.* at 7. He also avers that Amazon encouraged him to apply for the same position at another facility, though he declined to do so. *Id.*

It is not enough for plaintiffs to assert a legal conclusion that they were discriminated against on account of a protected characteristic. *See Landavazo v. Toro Co.*, 301 F. App'x 333, 336 (5th Cir. 2008). Plaintiffs must allege specific facts to "raise their [right] to relief about the speculative level." *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) (quoting *Bass v. Stryker Corp.*, 669 F.3d 501, 506 (5th Cir. 2012)). Here, Calvin's complaint lacks sufficient facts giving rise to an inference of racial animus.

In his response to Amazon's Motion, Calvin attempts to save his claim by providing historical evidence of discrimination in American society. He also claims for the first time that: (1) Amazon eliminated the January 2017 promotional opportunity so it would not have to hire him and that it reinstated the position a few months later; and (2) management did not select him for promotional opportunities because he was "over confident." Pl.'s First Resp. Mot. Dismiss 2, 5. These new allegations do not save Calvin's claims from dismissal.

Facts and claims raised only in response to a dispositive motion are not properly before the Court. *See Cutrera v. Bd. Of Supporters of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005); *Broyles v. Chase Home Fin.*, 2011 WL 1428904, at *1 n.1 (N.D. Tex. Apr. 13, 2011) (determining that the plaintiffs' new facts and causes of action raised in their response to the defendant's motion to dismiss were

13

not properly before the court). Even if these new facts were properly before the Court, they do not support a plausible claim for relief. Calvin still does not suggest that Amazon hired a person from another race or sex or that any such decision was based on Calvin's race or sex. Calvin offers no allegation to raise even an inference that Amazon acted in a discriminatory manner. Accordingly, the Court concludes that Calvin's surviving January 2017 failure-to-promote claim should be dismissed. *See Flowers v. Advantage Res.*, 2019 WL 2165765, at *4–5 (N.D. Tex. Apr. 29, 2019) (dismissing plaintiff's claims with prejudice because he failed to allege "sufficient facts to support a claim that he was terminated, not hired, or otherwise treated unfairly in the workplace *because of* race or some other protected classification") (emphasis in original).

> II. Calvin similarly does not aver to sufficient factual allegations to state a claim for relief for discrimination arising from unfair discipline.

Amazon claims that Calvin's allegations of discrimination in the form of numerous write ups for trivial or manufactured offenses is not an adverse employment action warranting relief under Title VII. Def.'s Resp. 12. The Fifth Circuit, however, has yet to definitively answer whether reprimands constitute adverse employment actions. *See Welsh v. Fort Bend Indep. Sch. Dist.*, 941 F.3d 818, 823 (5th Cir. 2019) (declining to clarify whether reprimands constitute adverse employment actions). Regardless, the Court finds that Calvin has failed to provide sufficient factual allegations to state a claim for discrimination arising from unfair discipline.

As stated, "[c]laims under Title VII are analyzed through the framework set out by the Supreme Court in *McDonnell Douglas*." *Smith v. Dallas Cnty. Hosp. Dist.*, 2014 WL 645248, at *5 (N.D. Tex. Feb. 19, 2014) (citing *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007)). Outside of the failure-to-promote context, the fourth prong of the *McDonnell Douglas* inquiry requires plaintiffs alleging discrimination to show that they were "treated less favorably than other similarly situated employees outside the protected group." *See Thomas v. Tregre*, 913 F.3d 458, 462 (5th Cir. 2019).

Here, Calvin has not alleged that similarly-situated employees of a different race or sex were treated differently. He merely claims that he "suffered harassment through false write ups and working in an environment where [he] could be written up at any time for nothing." Compl. 10. Without any allegation of racial animus or that Amazon treated similarly-situated employees of another race or sex differently, Calvin asks this Court to infer race-based discrimination based on his purported mistreatment. "Such unsupported allegations fail to rise to the level of the allegations that would enable the Court to reasonably infer that [Amazon] discriminated against [Calvin] in violation of Title VII. . . ." *See Smith*, 2014 WL 645248, at *6 (citing *Raj*, 714 F.3d at 331).

Calvin's new argument raised in his response to Amazon's motion to dismiss— that Amazon required him to work "in the corners of the work place [sic] where it [was] possible for [him] to go unseen"— fails for the same reason. *See* Pl.'s First Resp. Mot. Dismiss 6. Even if this argument was properly before the Court,

15

Calvin presents no facts that Amazon placing him in the corner due to his race or sex or that similarly-situated employees of a different race or sex were treated differently. Calvin is unable to raise an inference that Amazon discriminated against him on account of his race or sex. Accordingly, the Court should dismiss Calvin's discrimination claims. *See Raj*, 714 F.3d at 331 (affirming dismissal of claims under Rule 12(b)(6) where the plaintiff's "complaint and speculation did not allege any facts, direct or circumstantial, that would suggest [the employer's] actions were based on [the employee's] race or national origin or that [the employer] treated similarly situated employees of other races or national origin more favorably").

  III. <u>The Court should dismiss Calvin's claims with prejudice.</u>

Courts possess discretion to "construe the inclusion of new factual allegations as a motion for leave to amend the complaint under Rule 15." *See McClaine v. Boeing Co.*, 2013 WL 1155223, at *3 (E.D. La. Mar. 19, 2013), *aff'd*, 544 F. App'x 474 (5th Cir. 2013). While district courts should freely give leave to amend when justice so requires, this "generous standard is tempered by the necessary power of a district court to manage a case." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003). Factors courts may consider in deciding whether to grant leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , and futility of the amendment." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic*

*Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (internal citation and quotation marks omitted). An amendment is futile if it would fail to survive a Rule 12(b)(6) motion. *See Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir. 2003).

Here, Calvin raises new arguments in his response to Amazon's Motion regarding his failure-to-promote claims and his claim for discrimination arising from unfair discipline. *See* Pl.'s First Resp. Mot. Dismiss 2, 5–6. However, the Court finds that Calvin has already pleaded his best case.

First, the Court should dismiss all eleven of Calvin's time-barred failure-to-promote claims with prejudice. This Circuit has held that "[w]here further litigation on the claim will be time-barred, a dismissal without prejudice is no less severe a sanction than a dismissal with prejudice, and the same standard of review is used." *McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d 554, 556 (5th Cir. Unit A Oct. 1981). Because the Court has already found that all but one of Calvin's failure-to-promote claims is time barred—all but the January 2017 promotional opportunity—the Court should dismiss these eleven time-barred claims with prejudice. *See Woods v. Lancaster Indep. Sch. Dist.*, 834 F.2d 512, 517 (N.D. Tex. Jul. 6, 2011) (dismissing a plaintiff's Title VII claims with prejudice where she failed to timely file suit regarding the discrimination claims).

Second, Calvin's administratively exhausted discrimination claim regarding the January 2017 promotional opportunity should be dismissed with prejudice as well. Allowing Calvin to amend his complaint would be futile as the Court has already found that Calvin failed to state a proper claim for relief even when

17

considering his additional arguments. Calvin does not allege that Amazon continued to look for a permanent PA after rejecting his application or that any alleged temporary cancellation of the position was merely a pretext to discriminate against him. Accordingly, the Court should dismiss this failure-to-promote claim with prejudice and without leave to amend. *See McClaine v. Boeing Co.*, 544 F. App'x 474, 477 (5th Cir. 2013) (affirming the dismissal of plaintiff's claims with prejudice and without leave to amend where plaintiff could not prove that defendant employee hired similarly-situated employees given the cancellation of the positions to which plaintiff applied).

Third, Calvin's discrimination claim arising from unfair discipline fails for the same reason. The Court has found that, even after considering Calvin's new allegations in his response, Calvin has failed to state a claim for relief. Amending Calvin's complaint would, therefore, be futile. Accordingly, the Court should dismiss Calvin's discrimination claim arising from unfair discipline with prejudice. *See Jones v. Greninger*, 188 F.3d 322, 327 (recognizing that "if a complaint alleges the plaintiff's best case, there is no need to remand for further factual statement from the plaintiff").

## Recommendation

For the foregoing reasons, the Court should GRANT Defendant Amazon's Motion to Dismiss (ECF No. 30) and dismiss all of Calvin's claims with prejudice.

**SIGNED** February 22, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).